# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EILEEN MONTOYA,

        Plaintiff,

vs.                                                Civil No. 01-640 WJ/DJS - **ACE**
                                                (To be consolidated with
                                                Civil No. 01-1298 and
                                                Civil No. 01-1316 and
                                                Civil No. 02-0529

LOS LUNAS PUBLIC SCHOOLS,
an educational body of the STATE
OF NEW MEXICO, the LOS LUNAS
SCHOOL BOARD, the governing
body of the Los Lunas Schools, and
REX HENINGTON, individually and
in his official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        THIS MATTER comes before the Court upon Plaintiff Goldfarb's Motion to Dismiss Without Prejudice, filed June 21, 2002 **(Doc. 48)** and a Motion to Dismiss Count VII by Defendants Los Lunas Public School, the Los Lunas School Board and Rex Hennington filed on February 13, 2002 **(Doc. 28)**. Having considered the pleadings and arguments presented in the briefs, I find that both motions are well-taken and will be granted.

*Plaintiff Goldfarb's Motion to Dismiss Without Prejudice*

        Plaintiff is one of several Plaintiffs in this case which now consists of four separate but related lawsuits. She seeks dismissal of her claims without prejudice on the basis that she is now employed out of State and does not intend to return to New Mexico. Defendants do not oppose

Plaintiff's motion, but contend that dismissal should be with prejudice. While the mere prospect of a subsequent lawsuit by Ms. Goldfarb is not a sufficient basis on which to dismiss this case with prejudice,[1] Defendants have pointed to reasons which persuade the Court that Defendants would be substantially prejudiced if Ms. Goldfarb's motion were granted. After a defendant has filed an answer, a plaintiff may voluntarily dismiss his action so long as defendant is not hurt, and the court's consent to voluntary dismissal may be conditioned upon such terms and conditions as the court deems proper. *See U.S. ex rel Stone v. Rockwell Intern. Corp.*, 282 F.3d 787 (10th Cir. 2000).

Answers have been filed in all but one of the consolidated cases.[2] In determining whether Defendants would suffer legal prejudice from voluntary dismissal after defendant has filed an answer, I consider other relevant factors such as Defendants' effort and expense in preparing for trial, lack of diligence of the part of Plaintiff, insufficient explanation of the need for dismissal, and present stage of litigation. *See Ohlander v. Larson*, 114 F.3d 1531 (10th Cir. 1997) (setting out factors). There is no reference to any lack of due diligence on the part of Plaintiff Goldfarb, and discovery is still ongoing.[3] *Cmp.,Phillips USA, Inc. v. Allflex USA, Inc., et al.*, 77 F.3d 354 (10th Cir. 1996) (dismissal with prejudice was based on plaintiff's lack of diligence and lack of sufficient explanation for plaintiff's request for dismissal without prejudice).

---

[1] *See BD v. Debuono*, 193 FRD 117, 124 (S.D.N.Y. 2000) (possibility that dismissed plaintiff would refile her action cannot be deemed substantial prejudice to defendant which would warrant denial of motion for voluntary dismissal without prejudice).

[2] An answer has not been filed in Civil No. 01-1316.

[3] According to the Amended Initial Pretrial Report, the deadline for discovery is November, 2002. *See Civil No. 01-640 (Doc. 43)*.

However, the posture of this case demands special consideration. The case, as now consolidated, involves claims by seven Plaintiffs, each of whom is listed as a witness for each other Plaintiff. The witnesses identified by both Plaintiffs and Defendants are common to the claims of all Plaintiffs. Discovery and documentary evidence will be substantially the same for all four actions. Dismissal without prejudice as to one of the Plaintiffs will gut the entire purpose and effect of the consolidation, which was to avoid unnecessary duplication. *See Kennedy v. State Farm Mut. Automobile Ins. C*o., 46 F.R.D.12 (D.C.Ark.1969) (where a dismissal without prejudice would subject the defendant to substantial legal prejudice, as contrasted to mere inconvenience or vexation incident to defending a subsequent suit, permission to so dismiss should be denied); *see also Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (in exercising its broad equitable discretion in determining whether to allow a voluntary dismissal after defendant has filed an answer or motion for summary judgment, district court must weigh the relevant equities and do justice between the parties in each case).

I have also considered Plaintiff's position. *See Ohlander* at 1537 (court must consider the equities not only facing the defendant but also those facing the plaintiff). Plaintiff does not have much weighing on the side of dismissal without prejudice, except for having moved out of state. I do not find the inconvenience of traveling to be a compelling reason, particularly when Plaintiff instituted the lawsuit, and when balanced against the potential inequities to Defendants should Ms. Goldfarb decide at some later date to revisit her claims. *Cmp.*, *BD v. Debuono*, 193 F.R.D. 117 (S.D.N.Y. 2000) (parent of child with autism bringing claim under Rehabilitation Act was entitled to voluntary dismissal without prejudice where parent's explanation of her wish to dismiss was to protect child's privacy, and reason was compelling). Accordingly, Plaintiff's motion will

3

be conditionally denied, as it is the Court's intention to dismiss her claims with prejudice should Ms. Goldfarb choose not to pursue them at this time. However, since Plaintiff filed the instant motion, I will allow her an opportunity to notify the Court as to whether she chooses to proceed with her case at this time, given that the alternative is a dismissal with prejudice.

*Motion to Dismiss Count VII*[4]

Defendant contends that Count VII of the complaint, which states a claim for violations of the Employees Retirement Income Security Act of 1974 ("ERISA"), should be dismissed. Aside from the fact that there has been no response to this motion, which constitutes consent to the grant of the request,[5] Defendants' motion will be granted on its merits. Defendants are correct that the ERISA provisions that prohibit an employer from interfering with rights to continued health benefits and expectancy of retirement and pension benefits do not apply if the benefit plan is a government plan. The Plaintiffs named in the case were teachers at the Los Lunas Public Schools. Thus, the benefits "plan" referred to in Count VII with which Defendants allegedly interfered, are government plans established for government employees.[6] *See, e.g., Shirley v. Maxicare Texas, Inc.,* 921 F.2d 565, 566 (5th Cir. 1991) (health care plan of public school district was a "governmental plan" within meaning of section of ERISA providing that ERISA does not

---

[4] Count Seven of Plaintiffs' complaint concerns only the complaint filed by Plaintiff Goodman. *See, Compl. Civil No. 01-1316*.

[5] *See* D.N.M.LR-Civ. 7.5(b).

[6] 29 U.S.C. §1003(b) states that "provisions of this subchapter shall not apply to any employee benefit plan if . . . such plan is a governmental plan." The term "governmental plan" means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. 29 U.S.C. 1002(32).

4

apply to any employee benefit plan if such plan is a governmental plan).

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff Goldfarb's Motion to Dismiss Without Prejudice (**Doc. 48**) is conditionally DENIED in that Plaintiff shall notify the Court by **Friday, August 30, 2002** whether she is withdrawing her motion for dismissal without prejudice and will proceed with her claims at this time, or whether she does not intend to go forward with them. In the latter event, or in the event Plaintiff fails to notify the Court pursuant to this provision, Plaintiff's claims will be dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Count VII filed by Defendants Los Lunas Public School, the Los Lunas School Board and Rex Hennington (**Doc. 28)** is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE