IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EILEEN MONTOYA,

    Plaintiff,

vs.                                                  Civil No. 01-640 WJ/DJS - **ACE**
                                                  (To be consolidated with
                                                  Civil No. 01-1298 and
                                                  Civil No. 01-1316 and
                                                  Civil No. 02-0529

LOS LUNAS PUBLIC SCHOOLS,
an educational body of the STATE
OF NEW MEXICO, the LOS LUNAS
SCHOOL BOARD, the governing
body of the Los Lunas Schools, and
REX HENINGTON, individually and
in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING WITH PREJUDICE CASE NO. CV-01-1316

       THIS MATTER comes before the Court upon Defendants' Motion for Order to Provide Full Faith and Credit to the Enforcement by the New Mexico State Court of the Settlement Agreement with Defendants Agreed to by Plaintiff Goodman, filed September 26, 2002 **(Doc. 74)**, and Defendants' Motion for Expedited Ruling or Hearing on Defendants' Motion to Provide Full Faith and Credit to the Enforcement by the New Mexico State Court of the Settlement Agreement with Defendants Agreed to by Plaintiff Goodman, filed October 15, 2002 **(Doc. 82)**. Defendants were allowed to submit exhibits under seal which concern the instant motions.  (See

Order, Doc. 104).[1] Plaintiff, who is now proceeding *pro se*, has filed both a short response summarily opposing these motions, Doc.100, and a longer pleading (also docketed as a Response) in the form of correspondence to the Court, which does not appear to have been served to Defendants, Doc. 106.

Plaintiff Darlene Goodman is one of several plaintiffs in this consolidated federal lawsuit alleging violations of various federal and state laws in connection with termination from employment with Los Lunas School District. While her federal case was pending,[2] Plaintiff's appeal of her termination from employment was ordered to arbitration by a New Mexico state court judge in the Thirteenth Judicial District. The parties reached an agreement before Arbitrator Rudy Apodaca, which was recorded. It was noted that the agreement did not need to be reduced to writing, but rather became effective on the day it was recorded -- February 27, 2002. An "Arbitrator's Final Decision and Award" adopting the Settlement Agreement was entered on July 22, 2002 when Ms. Goodman refused to sign the Settlement Agreement upon request.[3] Upon motion by the school district, on August 20, 2002, the state court subsequently entered an "Order Confirming Arbitration Award."

In the motions now before this Court, Defendants seek to hold Plaintiffs to the express terms of the Settlement Agreement, one of which was the agreement to dismiss the instant federal lawsuit with prejudice. At first blush, this Court was inclined to direct the movants back to the

---

[1] My findings, as set forth below, are based on these exhibits.

[2] Plaintiff Goodman filed her federal lawsuit on February 4, 2002.

[3] Plaintiff's counsel was allowed to withdraw from representing Goodman. Prior to withdrawal, counsel was unable to secure Plaintiff's cooperation in signing the Settlement Agreement.

state forum in order to seek enforcement of an arbitration award confirmed by a state court. Upon further consideration, however, I find that Defendants' submission of the question for review in this Court is appropriate.  Under the Full Faith and Credit Clause, a state court judgment is entitled to the same preclusive effect in federal court as it would be given in the New Mexico courts.  DeVargas v. Montoya et al., 796 F.2d 1245, 1248 (10th Cir. 1986), overruled on other grds., Newcomb v. Ingle, 827 F.2d 675 (10th Cir. 1987); Matsushita Elec. Indus. Co., Ltd. v. Epstein, 516 U.S. 367 (1996) ("judicial proceedings" of any State are afforded the same "full faith and credit in every court within the United States. . . as they have by law or usage in the courts of such State . . . from which they are taken").  Defendants are correct that full faith and credit extends to state court settlement judgments as a "judicial proceeding." See BankAmerica Corp. Securities Litig., et al. v. McColl et al., 263 F.3d 795, 802 (8th Cir. 2001) (citing Matsushita and distinguishing from case at bar); Lease Oil Antitrust Litig. (No. II) et al. v. "All Defendants," 200 F.3d 317, 320 (5th Cir. 2000) (applying Full Faith and Credit Act for preclusive effect of state court judgment).[4]

      The litigation of the pending federal lawsuit has become entangled in the terms of the parties' Settlement Agreement which the New Mexico state court has adopted and approved. Under the express terms of the Settlement Agreement which became effective months ago, Plaintiff was obligated to forego this pending federal lawsuit against the school district and any

---

[4] The Full Faith and Credit Act, 28 U.S.C. §1738, codifies the Full Faith and Credit Clause of the Constitution, Art. IV, § 1. The statute provides, in pertinent part, that the "records and judicial proceedings of any court of any such State. . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Phelps et al v. Hamilton, 1997 WL 458202 (10th Cir. Kan.).

other defendants in that lawsuit, and the case was to have been dismissed with prejudice. Ms. Goodman contends that she was "forced" to agree to the Settlement Agreement because of the "desperate financial situation" caused by her termination. She states that the school district continues to violate her civil rights, and she intends to file a pleading to have the agreement "considered null and void." Resp. (Doc. 106) at 2. However, it is clear that Plaintiff understood that she was obligated to dismiss her federal lawsuit with prejudice as consideration for return of her back pay, reimbursement of money taken from her last checks, and her license. It is also clear that she agreed to these terms. Resp. at 2 ("I had ever [sic] intention of honoring the agreement").[5]

The attached exhibits provide a sufficient record on which to conclude that this Court should afford full faith and credit to the New Mexico state court's enforcement of the parties' Settlement Agreement and that Plaintiff Darlene Goodman's claims against all of the Defendants in this action will be dismissed with prejudice. See Hakim v. Payco-General American Credits, Inc., 272 F.3d 932 (7th Cir. 2001) (summarily enforcing a private settlement agreement where court had record to support its conclusion and agreement contained valid consideration); Cmp., Pollack and Weis v. Altos Computer Systems, Inc., 1999 WL 4207 (N.D.Ill.) (federal suit not barred by res judicata where state court action settled and dismissed case *without prejudice*)(emphasis added).

In light of these findings, Defendants' motion for an expedited ruling or hearing on the motion (Doc. 82) is denied as moot.

---

[5] In her response, Plaintiff raises issues concerning the adequacy of her legal representation at her termination hearing and her arbitration appeal, which has no bearing on the ultimate question of her agreeing to the terms of the Settlement Agreement.

**THEREFORE,**

**IT IS ORDERED** that the Clerk of Court mail copies of Plaintiff's Response **(Doc. 106-**filed November 22, 2002**)** to Defendants;

**IT IS FURTHER ORDERED** that Defendants' Motion for Order to Provide Full Faith and Credit to the Enforcement by the New Mexico State Court of the Settlement Agreement with Defendants Agreed to by Plaintiff Goodman **(Doc. 74)** is hereby GRANTED in that Plaintiff Darlene Goodman's claims against all of the Defendants in **Civil No. 01-1316 WJ/DJS** are hereby DISMISSED WITH PREJUDICE;

**IT IS FURTHER ORDERED** that Defendants' Motion for Expedited Ruling or Hearing on Defendants' Motion to Provide Full Faith and Credit to the Enforcement by the New Mexico State Court of the Settlement Agreement with Defendants Agreed to by Plaintiff Goodman **(Doc. 82)** is DENIED AS MOOT.

UNITED STATES DISTRICT JUDGE