IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EILEEN MONTOYA,

    Plaintiff,

vs.                                            Civil No. 01-640 WJ/DJS - **ACE**
                                            (To be consolidated with
                                            Civil No. 01-1298 and
                                            Civil No. 01-1316 and
                                            Civil No. 02-0529

LOS LUNAS PUBLIC SCHOOLS,
an educational body of the STATE
OF NEW MEXICO, the LOS LUNAS
SCHOOL BOARD, the governing
body of the Los Lunas Schools, and
REX HENINGTON, individually and
in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING AWARD OF FEES

THIS MATTER comes before the Court upon Defendants' Motion for Attorney Fees, filed December 16, 2002 (**Doc. 110**). Plaintiff is one of several teachers in this action. On December 4, 2002 (Doc. 107), I granted Defendant's motion to provide full faith and credit to a state court settlement agreement between Plaintiff and Defendants, and dismissed Plaintiff's case with prejudice (Civil 01-1316). Defendants now seek attorney fees relating to the preparation and filing of that motion.[1] Plaintiff, who was initially represented by counsel in this action but prior to dismissal of her case was proceeding *pro se*, has not responded to the motion.

Under Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), a prevailing

---

[1] Plaintiff's case number is still represented in the caption for purposes of this motion.

defendant recovers fees only when the suit "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." This standard applies to *pro se* plaintiffs. Hughes v. Rowe, 449 U.S. 5, 14-16 (1980) (plaintiff's action must be "meritless in the sense that it is groundless or without foundation").

I do not find that an award of fees is appropriate in this case.  In Plaintiff's untimely response[2] to Defendant's motion to enforce the settlement agreement, Plaintiff concedes that she had agreed to the settlement agreement and had every intention of honoring it.  The filing of the federal action (violating the terms of the agreement) stemmed from Plaintiff's belief that the written and verbal versions of the settlement agreements were different, and that the school district was continuing to violate her civil rights.  While this does not provide a legal basis for a defense to Defendants' motion to enforce the agreement, I do find that it (along with her *pro se* status at the relevant time) provides a basis on which to deny Defendant's request of fees. Plaintiff's pursuit of relief in federal court could have been a result of a misguided notion regarding the legal force of settlement agreements.  At any rate, I do not find that the federal action was brought in order to harass or embarrass the Defendants. See Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983) (prevailing defendant may recover an attorney's fee award "only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant").

**THEREFORE**, Defendants' Motion for Attorney Fees **(Doc. 110)**, is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff, who was *pro se* at the time she filed the response, explained that she had been under the impression her case had already been dismissed.