IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EILEEN MONTOYA,

    Plaintiff,

vs.

z

Civil No. 01-640 WJ/DJS - ACE
(To be consolidated with
Civil No. 01-1298 and
Civil No. 01-1316 and
Civil No. 02-0529

LOS LUNAS PUBLIC SCHOOLS,
an educational body of the STATE
OF NEW MEXICO, the LOS LUNAS
SCHOOL BOARD, the governing
body of the Los Lunas Schools, and
REX HENINGTON, individually and
in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Strike Testimony of Expert as Untimely, filed January 23, 2003 (Doc. 130). Defendants seek to strike the testimony of Mr. Allen Parkman as a expert witness regarding Ms. Gallo's economic damages. Ms. Gallo's expert witness disclosure identified three individuals as experts, none of whom was Mr. Parkman. Defts' Mem., Ex. A.[1] However, Mr. Parkman had previously been identified as an expert witness who will testify regarding damages for co-Plaintiff Bertenshaw. Both Plaintiffs are represented by the same attorney, Ms. Hannah Best, Esq.

---

[1] According to the information contained in the initial pretrial report (Doc. 43), two of the three individuals will testify as to Plaintiff's emotional state and treatment for post-traumatic stress syndrom. The third individual, Aaron Kaufman, D.O., was not listed as a witness at the time the initial pretrial report was filed.

Ms. Gallo later hired Mr. Parkman, but failed to disclose this addition to defense counsel. One day before Mr. Parkman was deposed (and almost four months after the expert witness deadline had passed), Ms. Gallo provided evidence regarding her economic damages from Mr. Parkman, and forwarded this information to defense counsel. The resolution of Defendants' request hinges on whether Defendants are prejudiced by this late disclosure of Mr. Parkman as Ms. Gallo's expert witness on damages.  Ms. Gallo contends that Defendants are not prejudiced because they could have, but refused, to question Mr. Parkman at his deposition on issues concerning Ms. Gallo's damages.

Fed.R.Civ.P. 37(c)(1) provides that when a party fails to disclose information required by Rule 26 without "substantial justification," that party shall not be permitted to use that information as evidence at trial, unless such failure is harmless. This Court has broad discretion as to whether such a violation was made. <u>Mid-America Tablewares, Inc. v. Mogi Trading Co.</u>, 100 F.3d 1353, 1363 (7th Cir.1996).

The position of Plaintiff's counsel is surprising to this Court.  Numerous extensions have granted in this case, several of which were on the unopposed motions of Plaintiff's counsel and the basis of which, in part, was the complexity of the case due to the case having been consolidated with several others. Plaintiff's counsel can hardly expect Defendants to have been prepared to question Mr. Parkman on Ms. Gallo's damages when they were prepared to inquire into only Ms. Bertenshaw's damages (based on Ms. Best's disclosures regarding Ms. Gallo's expert witnesses), and when evidence regarding Ms. Gallo's damages from Mr. Parkman was turned over to Defendants only one day before the deposition.  Having previously identified Mr. Parkman as a testifying expert for Ms. Bertenshaw, Plaintiff Gallo could have, and should have,

2

advised Defendants of her intention to use Mr. Parkman as an expert witness sooner than the day before Mr. Parkman was being deposed regarding the claims of another Plaintiff.[2]  Ms. Gallo gives no justifiable reason for her delay in doing so.

I find that Defendants would be prejudiced by allowing Mr. Parkman to testify regarding Ms. Gallo's damages. Although I am reluctant to consider further extensions of deadlines in a case in which the original pretrial deadline dates have already been stretched beyond recognition, see e.g., Doc. 29, I am also not inclined to prejudice Ms. Gallo's interests in presenting her case at the expense of counsel's failure to disclose. Thus, I will allow an extension of time for the single and limited purpose of allowing Defendants need to depose Mr. Parkman, which will be done at Defendants' convenience, but at Ms. Best's expense.

Within three **(3)** weeks of the filing of this Order, Ms. Best shall afford Defendants an opportunity to depose Mr. Parkman on evidence of Ms. Gallo's damages, after first determining availability of defense counsel within that time period.  Within one **(1)** week of the filing of this Order, defense counsel shall notify the Court regarding what arrangements Ms. Best has made for setting the deposition.  Ms. Best shall be responsible for any charges by Mr. Parkman for having his deposition taken in addition to the expense associated with the court reporter.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Strike Testimony of Expert as Untimely (Doc. 130) is hereby **DENIED IN PART** and **GRANTED IN PART**, as set forth above;

**IT IS FURTHER ORDERED** that Defendants are awarded $500.00 in attorney's fees as

---

[2] Mr. Parkman provided Ms.Gallo with a report dated January 9, 2003.  Defts' Mem., Ex. B.

a result of Plaintiff Gallo's failure to disclose Alan Parkman as an expert.

_____
UNITED STATES DISTRICT JUDGE