# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

―――――――――――

EILEEN MONTOYA,

      Plaintiff,

vs.

LOS LUNAS PUBLIC SCHOOLS,
an educational body of the STATE
OF NEW MEXICO, the LOS LUNAS
SCHOOL BOARD, the governing
body of the Los Lunas Schools, and
REX HENINGTON, individually and
in his official capacity,

      Defendants.

Civil No. 01-640 WJ/DJS - **ACE**
(To be consolidated with
Civil No. 01-1298 and
Civil No. 01-1316 and
Civil No. 02-0529

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss Counts I
and V of Plaintiff Montoya's Second Amended Complaint on the Basis of Qualified Immunity and
Other Grounds, filed January 2, 2003 (**Doc. 117**). Having considered the parties' briefs and the
applicable law, I find that Defendants' motion is well-taken in part and not well-taken in part, for
reasons given below.

## Background

In this consolidated case, Eileen Montoya is one of several teachers who have brought suit
against the Los Lunas Public Schools, the school board and Rex Henington, the principal of Los
Lunas High School.  Plaintiff Montoya was the former Dean of Students at Los Lunas High from

July 1999 to August 2000.  According to the second amended complaint, Montoya alleges that

after she was hired, Defendant Henington began making sexually inappropriate comments to her.

Plaintiff states that Henington's conduct extended to other female teachers as well.  After Plaintiff

objected to Henington about his comments, she received six disciplinary memorandums [sic] in

one day addressing different subjects ranging from confidentiality issues to personal phone calls to

parking. Also following Plaintiff's objections, Henington began downgrading Plaintiff to other

staff members and denied her leave and comp time, which Plaintiff alleges were routinely granted

to those who did not object to Henington's sexual harassment.  Henington's abuse continued into

the 2000 school year, making it impossible for Plaintiff to do her job.  Montoya alleges that she

was constructively discharged in August 2000 and that following discharge, Henington and other

school district officials engaged in conduct which damaged Plaintiff's reputation and which was

aimed at preventing Plaintiff's re-employment as an administrator with other schools and school

districts.

The second amended complaint asserts as *Count I*: § 1983 claims based on violations of

the Fourteenth Amendment (property and liberty interests protected by both substantive and

procedural due process); as *Count II*: § 1983 claim for deprivation of rights under the Fourteenth

Amendment's Equal Protection Clause; as *Count III*: sexual discrimination and hostile work

environment under Title VII; as *Count IV*: Title VII retaliation; and as *Count V*: Defamation

against Defendant Henington.  Defendants seek the dismissal of the Fourteenth Amendment

substantive and procedural due process claims under Count I.  Defendants' motion initially

included a request for the dismissal of the defamation claim in Count V, but this request was

withdrawn on Plaintiff's concurrence in the dismissal of that claim.

2

**Discussion**

Dismissal is inappropriate under Fed.R.Civ.P. 12(b)(6) unless Plaintiff can prove no set of facts in support of her claims to entitle her to relief. Id.  The Court must accept as true all the factual allegations in the complaint, construe them in a light most favorable to Plaintiff, and resolve all reasonable inferences in her favor. Arnold v. McClain, 926 F.2d 963, 965 (10th Cir.1991).

***Count I - Fourteenth Amendment Due Process***

Plaintiff alleges violations of both substantive and procedural due process violations of her property and liberty interests.

A.     Substantive Due Process

In order to present a claim of denial of substantive due process in terms of employment, Plaintiff must first show that she has a fundamental or protected liberty or property interest in that employment to which the protection of due process can attach. Curtis v. Oklahoma City Pub. Schools Bd. of Educ., 147 F.3d 1200, 1212 (10th Cir.1998).

*Whether Individual Defendants Are Entitled to Qualified Immunity* [1]

The doctrine of qualified immunity generally shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Seamons et al v. Snow et al., 84 F.3d 1226, 1238 (10th Cir. 1996) (citing Harlow v.

---

[1] The qualified immunity defense is available only to the individual Defendants.  Owen v. City of Independence, 445 U.S. 622, 638 (1980); Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000).

Fitzgerald, 457 U.S. 800, 818 (1982)); see Chapman v. Nichols, 989 F.2d 393, 397 (10th

Cir.1993) ("a reasonably competent public official should know the law governing his conduct").

In the context of a motion to dismiss, the court's review of the qualified immunity defense is

limited to the pleadings. Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994).

   In determining whether the law involved was clearly established, we examine the law as it

was at the time of the Defendants' actions. Hilliard v. City and County of Denver, 930 F.2d 1516,

1518 (10th Cir.), cert. denied, 502 U.S. 1013, 112 S.Ct. 656, 116 L.Ed.2d 748 (1991).  The

plaintiff "need not show that the specific action at issue has previously been held unlawful," but

only that "the alleged unlawfulness was apparent in light of preexisting law." Ordinarily, in order

for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on

point, or "the clearly established weight of authority from other courts must have found the law to

be as the plaintiff maintains." Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th

Cir.1992); Seamons et al v. Snow et al., 84 F.3d 1226, 1238 (10th Cir. 1996).

   The protections of substantive due process have for the most part been accorded to

matters relating to marriage, family, procreation, and the right to bodily integrity. Gehl Group v.

Koby, 63 F.3d 1528, 1538-39 (10th Cir. 1995) (citing Albright v. Oliver, 510 U.S. 266 (1993)).

Plaintiff has found no case, nor have I found any, which supports the existence of a substantive

due process right to public employment.[2]  What does exist is an uncertainty in this area of law.[3]

Harrah Indep Sch Distr v. Martin, 440 U.S. 194 (1979); Herrera v. City of Albq, 1999 WL

815815 at *2 (10th Cir. 1999) (question of whether tenured employee's property interest in

continued employment is subject to substantive due process protections is unsettled); Hennigh v.

City of Shawnee, 155 F.3d 1249, 1257 (10th Cir. 1998) (circuit precedent does not clearly

delineate what specific property interests in employment are fundamental, and thus protected by

the doctrine of substantive due process); Curtis v. Oklahoma City Public Schools Bd., 147 F. 3d

1200, 1215, n. 7 (10th Cir. 1998); Archuleta v. Colorado Dept. of Institutions, 936 F.2d 483,

489, n. 6 (10th Cir. 1991) (assuming without holding, that plaintiff's property interest was entitled

to the protection of substantive due process).

    Other circuit courts are divided. See e.g., Newmand v. Com. of Mass., 884 F. 2d 19, 25

(1st Cir. 1989) (public employment protected); Gargiul v. Tompkins, 704 F. 2d 661, 668 (2 nd

Cir. 1983); but see, Huang v. Bd of Governors of Univ. of N. C., 902 F. 2d 1134, 1142, n. 10

---

[2]  The resolution of this issue would be different if Plaintiff were a teacher or other tenured employee.  See, e.g., Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 528-29 (10th Cir. 1998); Garcia v. City of Albuquerque, 232 F.3d 760, 771 (10th Cir. 2000) (plaintiffs's status as tenured public employee not contested); cmp., Clinger v. N.M. Highlands Univ., et al., 215 F.3d 1162, 1167 (10th Cir. 2000) (noting that Plaintiff's asserted property interest as a non-tenured professor is dubious under New Mexico law).

[3] Plaintiff's brief underscores this uncertainty inasmuch as she asserts both substantive and procedural due process claims in her complaint, but presents cases which address only the concept of procedural due process.  Procedural due process "ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision."  Substantive due process, on the other hand, "guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision." Archuleta v. Col Dept. of  Institutions, 936 F.2d 483, 489 n.6, 490 (10th Cir. 1991).

(4th Cir. 1990) (public employment not protected); <u>Valot v. Southeast Local School Dist. Bd. of

Educ</u>.,107 F. 3d 1220, 1244 (6th Cir. 1997); <u>Brown v. Brienen</u>, 722 F. 2d 360 (7th Cir. 1983)

(state- created contract rights should not be reviewed under a substantive due process analysis);

<u>Singleton v. Cecil</u>, 176 F. 3d 419, 428 (8th Cir. 1999); <u>McKinney v. Pate</u>, 20 F. 3d 1550 (11th

Cir. 1994).  Thus, Plaintiff cannot rely on any clearly established weight of authority from other

courts in order to allege a viable substantive due process claim. Accordingly, I find that it was

unclear in August 2000, as it is unclear still, whether public employment is protected by the

substantive due process clause.

Nor has the state created a property interest upon which plaintiff's substantive due process

claim is sustained.  <u>Clinger v. N.M. Highlands Univ., et al.</u>, 215 F.3d 1162, 1167 (10th Cir. 2000)

(turning to state law to determine specific property interests where circuit precedent does not

"clearly delineate what specific property interests in employment are fundamental, and are thus

protected by the doctrine of substantive due process").  New Mexico law does not afford Plaintiff,

as an untenured school administrator, the substantive constitutional protection she seeks.  Plaintiff

relies on <u>Cole v. Ruidoso Municipal Schools</u>, 947 F.2d 903, 905 (10th Cir. 1991) for her position

that she had a protected property interest in her employment during the term of her 2000-2001

employment contract because she was constructively discharged during that period.  <u>Cole</u> simply

cannot be read to support the contention that Plaintiff possessed a property interest in

employment (even limited to the term of her contract) which is afforded substantive due process

protection.  Because the law was not clearly established that school administrators have a

substantive due process right to continued employment, Defendants are entitled to qualified

immunity on Plaintiff's claims of substantive due process violations against a property interest in

employment.

*Whether Substantive Due Process Claim Survives 12(b)(6)*

To survive a motion to dismiss, a due process claim under section § 1983 must allege the deprivation of a constitutionally protected interest.  In order to have an interest protectable under the Constitution, a person must have a "legitimate claim of entitlement to it."  Bd. of Regents of State Coll. v. Roth, 408 U.S. 564, 577 (1972); Christ Gatzonis Elec. Contractor, Inc. v. New York City Sch. Constr. Auth., 23 F.3d 636, 639 (2d Cir.1994) (affirming dismissal of a § 1983 claim because plaintiff had no constitutionally protected property interest).  Plaintiff fails to state a claim for which relief can be granted on her claim for a violation of substantive due process because she has not shown that a substantive right to public employment exists for school administrators.  Therefore, dismissal is appropriate on this claim as to all Defendants. See Shoultz v. Monfort of Colorado, Inc., 754 F.2d 318, 321 (10th Cir. 1985) (dismissal warranted where no set of facts can entitle Plaintiff to relief on that claim).[4]

B.      Procedural Due Process

Plaintiff alleges that she possessed a property interest in her employment during the term

---

[4]  Substantive due process requires that a protected property interest not be terminated in an arbitrary or capricious manner, without a rational basis, or in a manner shocking to the conscious. Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 528-29 (10th Cir. 1998); see also Rochin v. California, 342 U.S. 165, 172 (1952) (substantive due process clause protects against governmental action that is so opprobrious that it "shocks the conscience").  Thus, even if the Court were to assume that Plaintiff had a property interest which was subject to substantive due process protections, she alleges no facts from which Defendants' conduct could be inferred as arbitrary and capricious. See, e.g., Clinger v. New Mexico Highlands Univ., 215 F.3d 1162, 1167 (10th Cir.2000) (citation omitted) (even assuming that plaintiff had a property interest in continued employment with the university, there was no evidence in the record that the deprivation of that interest was either arbitrary or capricious).

of her contract which was protected by procedural due process.  For this claim, the first question is whether Ms. Montoya had any property interest which entitled her to due process. Watson v. University of Utah Medical Center, 75 F.3d 569, 577 (10th Cir.1996). The Supreme Court has held that property interests are interests secured by "existing rules or understandings." Perry v. Sinderman, 408 U.S. 593, 601 (1972).  If there are rules or mutually explicit understandings that support a  claim of entitlement to a benefit, then a person's interest in that benefit is a "property" interest for due process purposes. Id. at 601.

Under New Mexico law, school administrators have no tenure rights in employment and no legitimate expectation of reemployment.  See Swinney v. Deming Bd. of Educ., 117 N.M. 492 (1994) (citing N.M.S.A. 1978, § 22-10-11(E)).  Defendants are correct to rely on Cole for their position that Plaintiff's employment contract is not to be construed as an implied promise of continued employment and that state law did not create a property right that was subject to federal constitutional guarantees.  947 F.2d at 905.  At the same time, however, Cole acknowledged that New Mexico statutes did provide certain *procedural* protections to a school administrator who was discharged during a school term, and that discharge was permissible only for "good and just cause" during the term of an employment contract.  947 F.2d at 905-06 (citing N.M.S.A. 1978, § 22-10-17).  Thus, while Plaintiff cannot claim due process protection based on a property right in continued employment, nevertheless, some procedural protection did exist for the period of time during which her administrator contract was in effect.  This protection, however, arises only within the limited context of discharge during the term of employment, where the discharge is not carried out for "good and just cause." N.M.S.A. 1978, §22-10-17.

The next question is whether the Plaintiff is entitled to due process rights even though she

was not formally terminated or discharged.  In other words, the issue centers around whether Plaintiff's allegations of constructive discharge are sufficient to come within the purview of the procedural protections provided by state statute and discussed by <u>Cole</u>.  Cases which involve procedural due process inquiries in the context of employment generally involve a choice a plaintiff is given between resignation and termination.[5] In this case, Plaintiff possesses a limited property interest – one that is triggered by discharge during the contract term. Further, her claim of involuntary resignation (alleged as constructive discharge) stems from allegations of Defendant Henington's harassing conduct, and not from being given a choice between resignation and termination.

Courts have treated constructive discharge as a type of involuntary resignation, since it involves a lack of free choice.  An employee's constructive discharge from a position in which the employee has a protectable property interest may be actionable under §42 U.S.C. 1983.  <u>Bailey v. Kirk</u>, 777 F.2d 567, 579 (10th Cir.1985); <u>Lighton v. Univ. of Utah</u>, 209 F.3d 1213, 1223 (10th Cir. 2000) (citing <u>Parker v. Bd. of Regents of Tulsa Jr. College</u>, 981 F.2d 1159 (10th Cir. 1992)).[6] Although Ms. Montoya was not facing a choice to resign or be terminated, nevertheless her claim of constructive discharge based on harassment, if sufficiently alleged, should be allowed

---

[5] <u>See</u>, <u>e.g.</u>, <u>Stone v. Univ. of Md. Med'l System Corp</u>, 855 f.2d 167, 174 (4th Cir. 1988); <u>Graehling v. Village of Lombard, Ill. et al.</u>, 58 F.3d 295, 297 (7th Cir. 1995); <u>Hargray v. City of Hallandale</u>, 57 F.3d 1560, 1568 (11th  Cir.1995).

[6] <u>See also</u> <u>Leheny v. City of Pittsburgh</u>, 183 F.3d 220 (3d Cir.1999); <u>Graehling v. Village of Lombard</u>, Ill. et al., 58 F.3d 295, 297 (7th Cir. 1995) (a coerced resignation, like a constructive discharge, is an independent wrong and does not justify withholding the opportunity for a hearing)(citing <u>Hargray v. City of Hallandale</u>, 57 F.3d 1560, 1568 (11th Cir.1995)).

to proceed to the general inquiry used to determine whether a resignation is in fact involuntary.[7]
Cmp., e.g., Haag v. Bd. of Educ., 655 F.Supp.1267, 1273 (N.D.Ill. 1987) (steps taken by school
board toward making plaintiff-teacher remove herself triggered due process guarantees where
plaintiff resigned but alleged constructive discharge); Huskey v. City of San Jose, 204 F.3d 893,
900 (9th Cir.2000) (quoting Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1411 (9th
Cir.1996)(where sheriff's deputy failed to show that the was forced to quit because of intolerable
and discriminatory working conditions, court found that deputy was not constructively
discharged, and thus was not deprived of property interest protected by due process clause);
Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987) (To establish a constructive
discharge, plaintiff required to show that a reasonable person would be forced to quit because of
intolerable and discriminatory working conditions); Rusnak v. Williams, No. 02-1257, 2002 WL
1774065 (3rd Cir. 2002) (police officer alleging that he was forced to retire due to a series of
rumors spread by the defendants, implying that he was involved in a murder and other criminal
acts failed to establish that Defendants subjected him to the type of constant and intolerable
conditions that characterize a legitimate claim for constructive discharge).

Thus, Plaintiff's procedural due process claim hinges on whether she was in fact
constructively discharged.[8] Plaintiff asserts that as the 2000 school year continued, Defendant

_____

[7] Two circumstances exist in which an employee's resignation or retirement is deemed
involuntary for due process purposes: (1) when the employer forces the resignation or retirement
by coercion or duress, or (2) when the employer obtains the resignation or retirement by
deceiving or misrepresenting a material fact to the employee. Parker v. Board of Regents, 981
F.2d at 1162)(citing Stone v. Univ. of Md. Med'l System Corp., 855 f.2d 167, 174 (4th Cir.
1988)).  It would be premature in this case to make this inquiry on a motion to dismiss.

[8] See Yearous et al v. Niobrara County Mem. Hosp., 128 F.3d 1351, 1356 (10th Cir.
1997) (If plaintiffs resigned of their own free will, even as a result of defendant's actions, then

Henington's treatment of her "became more and more abusive" and that "face of continued abuse, Plaintiff resigned or was constructively discharged." Second Amended Compl., ¶¶ 17, 18. Taken with specific harassing conduct alleged by Defendant Henington in the complaint, Plaintiff's assertions survive dismissal at this point in the litigation because it does not appear beyond doubt that Ms. Montoya can prove no set of facts which would entitle her to relief if the Court construes the alleged facts in her favor. <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975) (Court must construe well-pleaded facts in favor of the non-moving party); <u>see</u>, <u>e.g.</u>, <u>Levenstein v. Salafsky et al.</u>,164 F.3d 345, 351 (7th Cir. 1998) (plaintiff's allegations of constructive discharge adequate to survive motion to dismiss). Absent a more complete factual record, I find that it would be premature to grant dismissal based on the existing pleadings. Defendants, of course, may reassert their entitlement to qualified immunity on a motion for summary judgment should Plaintiff's allegations in the complaint prove to be unfounded. <u>Seamons v. Snow</u>, 206 F.3d 1021, 1029 (10th Cir. 2000) (noting that denial of motion to dismiss based on qualified immunity did not foreclose subsequent raising of defense in summary judgment motion); <u>Pueblo Neighborhood Health Centers v. Losavio</u>, 847 F.2d 642, 646 (10th Cir. 1988) (qualified immunity defense may be raised at various stages of the litigation).

C.      <u>Liberty Interest</u>

        In addition to allegations that Defendants violated her property interest in employment,

---

they voluntarily relinquished their property interests and, thus, Defendant did not deprive them of property without due process of law); <u>Parker v. Bd. of Regents of Tulsa Jr. College</u>, 981 F.2d 1159, 1162 (10th Cir. 1992) (law in effect at time of plaintiff's resignation indicates that the voluntariness of the decision to resign is determinative of whether qualified immunity would bar action).

Plaintiff also alleges that they infringed upon her liberty interests.  In order to prevail on this claim, Ms. Montoya must show all of several elements. First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published. Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 578  (10th Cir. 1996) (citing Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972) and Paul v. Davis, 424 U.S. 693, 710 (1976)); accord, Lighton, 209 F.3d at 1223.  For reasons given below, I find that at this stage in the litigation, Plaintiff has sufficiently satisfied these elements.

Plaintiff alleges that Defendant Henington made statements concerning her fitness and abilities as an educational administrator at staff meetings and to potential employers.  Such statements constitute "stigmatizing" information, i.e., information that has the general effect of curtailing Plaintiff's future freedom of choice in employment as a school administrator. Asbill v. Housing Authority of Choctaw Nation, 726 F.2d 1499, 1503 (10th Cir. 1984) (successful liberty interest deprivation claim requires plaintiff to show that published information was stigmatizing); see e.g., Palmer v. City of Monticello, 31 F.3d 1499, 1503 (10th Cir.1994) (accusation that a police officer falsified a speeding ticket qualifies as stigmatizing charge which amply supports that element of a liberty interest violation).  Thus, the complaint survives Defendants' motion to dismiss on this first element.

A determination on whether the statements alleged to have been made by Defendants were false cannot be made without a more complete factual record.  Plaintiff's description of Defendants' statements as "accusations" is sufficient to overcome Defendants' argument that

because Plaintiff does not specifically allege that the statements are false, dismissal is warranted on Plaintiff's liberty interest claim.[9]  Defendants also point out that Plaintiff resigned, and therefore the statements were not made in conjunction with a decision to terminate. Plaintiff alleges that these statements *did* foreclose other employment opportunities, and also that her resignation was involuntary.  Thus, based on Plaintiff's allegations of constructive discharge, statements made by Defendants that led to her resignation can be interpreted as being made in conjunction with termination, thereby precluding dismissal on this element.

Last, Plaintiff's allegations meet the requirements for publication under the fourth element, since she alleges that Defendants made the statements to prospective employers during her search for employment. See, e.g., Corbitt v. Andersen, 778 F.2d 1471, 1474-75 (10th Cir. 1985) (statements to other contractors suggesting that plaintiff-psychologist was not professionally qualified to handle cases was sufficient evidence to go the jury in that statements created a stigma that "foreclosed [plaintiff's] freedom to take advantage of other employment opportunities"); cmp. Garcia v. City of Albuquerque, 232 F.3d 760, 771 (10th Cir. 2000) (no "publication" where statement that bus driver was "unable to drive a motorcoach" was made only in internal medical documents for city and not to personnel board). In sum, then, Plaintiff's liberty interest claim survives Defendants' motion to dismiss.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Counts I and V of Plaintiff

---

[9]  Plaintiff's Second Amended Complaint, while not a stellar example of notice pleading, is nevertheless minimally sufficient.  Although the allegations do not chronologically set out the discrete elements of a liberty interest claim they do set forth facts that conform to its necessary elements.

Montoya's Second Amended Complaint on the Basis of Qualified Immunity and Other Grounds, filed January 2, 2003 (**Doc. 117**) is GRANTED IN PART and DENIED IN PART as follows:

(1) Defendants' motion to dismiss Count I is GRANTED IN PART in that Plaintiff's substantive due process claim regarding property and liberty interests are DISMISSED WITH PREJUDICE and DENIED IN PART on Plaintiff's procedural due process claim on Plaintiff's property and liberty interests;

(2) Plaintiff's Count V (Defamation) is DISMISSED WITH PREJUDICE based on stipulation by the parties.

_____

UNITED STATES DISTRICT JUDGE