# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EILEEN MONTOYA,

       Plaintiff,

vs.                                                                                  Civil No. 01-640 WJ/DJS - **ACE**
                                                                                 (To be consolidated with
                                                                                 Civil No. 01-1298 and
                                                                                 Civil No. 01-1316 and
                                                                                 Civil No. 02-0529

LOS LUNAS PUBLIC SCHOOLS,
an educational body of the STATE
OF NEW MEXICO, the LOS LUNAS
SCHOOL BOARD, the governing
body of the Los Lunas Schools, and
REX HENINGTON, individually and
in his official capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court upon a Motion to Sever Plaintiff Donna Gallo's Claims from Consolidated Cases, filed March 7, 2003 **(Doc. 196)**. Plaintiff is currently proceeding *pro se*.[1] The Plaintiff remaining in this consolidated lawsuit (Plaintiffs Montoya, Moyers, Honeycutt and Bertenshaw) seeks to sever Ms. Gallo from the action, contending that Ms. Gallo has "gone on a campaign to sabotage" the other Plaintiffs' cases. Plaintiffs specifically allege that Ms. Gallo has published to the defense attorney allegations maligning Ms. Bertenshaw's veracity.

      This case was consolidated on motions by the parties because all the claims contained

---

      [1] Plaintiff's counsel was allowed to withdraw from representation. Doc. 191 .

common questions of law and fact.  See Docs. 26 and 53.  I see no justification for severing the case now. As Defendants point out, the "conflict" raised by Plaintiffs does not involve issues of legal representation, since Ms. Gallo is no longer represented by the same counsel as other Plaintiffs.  Cmp., Dupont v. Southern Pacific Co., 366 F.2 193(5th Cir. 1966) (order of trial court consolidating all actions for trial and designating counsel for survivors of passengers as the lead counsel for all plaintiffs constituted reversible error as there was a definite conflict of interest which prejudiced all parties).  Nor does consolidation complicate liability issues and legal claims. See, e.g., Atkinson v. Roth, 297 F.2d 570, 575 (3rd Cir. 1961) (holding that consolidation in this instance burdened the parties, the court and the jury with an "overcomplication of issues and necessary instructions" in case where third-party claims and parties raised complex liability issues).  Here, the consolidated claims share the same Defendants and claims, and many of the same witnesses.

In this case, severing would unnecessarily burden the Court's already crowded docket, while not addressing Plaintiffs' concerns any more effectively than would less drastic means, such as appropriate Motions in Limine or other limiting instructions parties may request from the Court. Similarly, Ms. Gallo's concerns of fabricating and misrepresentation by other Plaintiffs[2] are, in the end, matters of credibility which should be resolved by a factfinder's consideration of witness testimony and other evidence – not by severance.

**THEREFORE,**

---

[2] Ms. Gallo neither opposes nor joins in the instant motion.  Rather, she leaves the decision "whether or not to sever the cases with the Court." Gallo Resp. at 2.

2

**IT IS ORDERED** that Plaintiffs' Motion to Sever Plaintiff Donna Gallo's Claims from Consolidated Cases **(Doc. 196)** is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE